56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jerry KADINGER, Plaintiff-Appellant, Cross-Appellee,
v.
WAYNE CHEMICAL, INC. Defendant-Appellee, Cross-Appellant.
 Nos. 93-3282, 93-3338.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1995.
 
 On Appeal from the United States District Court for the Southern District of Ohio; No. 91-00830, Carl B. Rubin, J.
 S.D. Ohio
 REVERSED AND REMANDED.
 Before: LIVELY, MARTIN, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Wayne Chemical Inc. hired plaintiff Jerry Kadinger as a salesperson in 1988. He was then 57 years old. Defendant terminated him on May 23, 1991. Plaintiff brought suit, alleging age discrimination under Ohio Revised Code Sec. 4112.99, Sec. 4112.02(N) and public policy, breach of contract and promissory estoppel arising out of plaintiff's discharge. The jury awarded plaintiff damages on all three of his theories of recovery: (1) $15,000 on the age discrimination claim; (2) $14,249.80 on the breach of contract claim; and (3) $43,655.18 on the promissory estoppel claim. Both parties appeal. Because we find that the verdicts are irreconcilably inconsistent, we REVERSE and REMAND for a new trial.
 
 
 2
 Although state law governs the elements of age discrimination, promissory estoppel, and breach of contract in this diversity case, "[f]ederal law governs questions of the consistency of special verdicts and interrogatories in a trial in federal court." Jewell v. Holzer Hosp. Found., Inc., 899 F.2d 1507, 1510 (6th Cir. 1990) (citations omitted). This Court has discretion to consider clear errors in the trial proceedings sua sponte, including inconsistent findings which cannot coexist legally or logically in a single judgment. See Molecular Technology Corp. v. Valentine, 925 F.2d 910 (6th Cir. 1991) (and citations therein).
 
 
 3
 The district court bifurcated the liability and damages phases of the trial. With respect to the elements of age discrimination, breach of contract, and promissory estoppel under Ohio law, the jury was presented with the following special verdict form:
 
 
 4
 1. Do you unanimously find by a preponderance of the evidence that during the period from January 20, 1988, to May 23, 1991, Defendant Wayne Chemical, Inc. employed four or more persons within the State of Ohio?
 
 
 5
 2. Do you unanimously find by a preponderance of the evidence that age was a determining factor in the discharge of Plaintiff Jerry Kadinger by Defendant Wayne Chemical, Inc.?
 
 
 6
 3. Do you unanimously find by a preponderance of the evidence that Defendant Wayne Chemical, Inc. breached (violated) an employment contract with Plaintiff Jerry Kadinger by discharging him?
 
 
 7
 4. Do you unanimously find by a preponderance of the evidence that Defendant Wayne Chemical, Inc. breached (violated) an employment contract with Plaintiff Jerry Kadinger by failing to pay him in accordance with its terms?
 
 
 8
 5. Do you unanimously find by a preponderance of the evidence that Plaintiff Jerry Kadinger has established a promissory estoppel in accordance with Instruction 5658.33?
 
 
 9
 (J.A. 165.) The jury answered "yes" to each and every question. Id.)
 
 
 10
 After presentation of evidence regarding plaintiff's damages, the trial court instructed the jury on age discrimination, breach of contract and promissory estoppel:
 
 
 11
 - age discrimination damages "include compensatory damages [defined as "damages as will reasonably compensate him for losses ... sustained as a ... direct result of a defendant's action" ... and a sum ... equal to lost compensation from May 23, 1991 to the present," (Tr. of Jury Charges, R. 124, at 20, 17);
 
 
 12
 - breach of contract damages cover "just compensation for losses necessarily following from the breach of contract and those which reasonably may be supposed to have been within the contemplation of the parties at the time the contract was made. A party whose contract has been breached is entitled, so far as it is possible to do so by monetary award, to be placed in the position that person would have been had the contract been performed in accordance with its terms," (Id. at 20-21); and that
 
 
 13
 - promissory estoppel damages are "the same in concept as those for breach of contract, just compensation for losses necessarily following from the breach and those which may be supposed to have been within the contemplation of the parties. In this case, the promise involved future employment." (Id. at 21.) The district court added that "[d]amages arising out of the discharge may not be awarded both for age discrimination and for promissory estoppel." (Id.)
 
 
 14
 The special verdict form as to the damages phase of the trial inquired in relevant part:
 
 
 15
 1. How much in money, if any, do you unanimously award Plaintiff for breach of contract? (See Instruction 5071)
 
 
 16
 2. How much in money, if any, do you unanimously award Plaintiff for age discrimination? (See Instruction 5086)
 
 
 17
 3. How much in money, if any, do you unanimously award Plaintiff for promissory estoppel? (See Instruction 5071.3)
 
 
 18
 NOTE the limitation of damage awards set forth in Instruction 5071.3.
 
 
 19
 ....
 
 
 20
 (J.A. 167.)
 
 
 21
 The obvious problem with the jury's verdicts is the disregard of the district court's limiting instruction that damages could not be awarded for both age discrimination and promissory estoppel. This brings us to a second inconsistency in the award of both breach of contract damages based on the discharge of plaintiff and promissory estoppel claims. The damage award for breach of contract encompasses two theories of liability, as found in jury questions 3 and 4. Although two questions were put to the jury at the liability phase of the trial regarding breach of contract, the jury was afforded only one slot for the two breaches found when computing damages. Thus, it is impossible for us to determine whether the jury's award of contract damages represents lost commissions or damages arising out of the discharge; if the latter, there is an overlap with the promissory estoppel claim. For these reasons then, we REVERSE and REMAND for a new trial. SO ORDERED.